**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LLOYD NEIL POPE and ) | |
| GLENN H. GORTON, ) | |
| Plaintiffs, ) | |
| v. ) | Case No. CIV-07-284-F |
| ) | |
| DAVID MILLER, Warden, *et al.*, ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

Plaintiffs, Lloyd Neil Pope and Glenn H. Gorton, state prisoners appearing *pro se* and *in forma pauperis*, bring this action pursuant to 42 U.S.C. § 1983 alleging violations of their federal constitutional rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of the Complaint has been conducted pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, it is recommended that Plaintiff Pope be dropped as a party from this lawsuit pursuant to Rule 21 of the Federal Rules of Civil Procedure, without prejudice to refiling his claims in a separate action. It is further recommended that Count I of the Complaint be dismissed for failure to state a claim upon which relief may be granted.

**I.    Plaintiffs' Claims**

Plaintiffs are cellmates currently incarcerated in the segregation unit at Lawton Correctional Facility (LCF), a private prison. Plaintiffs bring three Counts in their Amended Complaint and this Court leniently construes those Counts to allege the following claims.

In Count I, Plaintiffs allege they have been deprived of their constitutional right of access to the courts due to denial of access to the law library and to legal materials. Plaintiffs

allege the law library is not staffed with persons knowledgeable in the law and that LCF is not following its own policies with respect to access to legal materials.

In Count II, Plaintiff Gorton alleges prison officials have acted with deliberate indifference towards his serious medical needs in violation of the Eighth Amendment. Plaintiff Gorton is a diabetic. He alleges he has not been allowed to monitor his blood sugar and has been denied use of a wheelchair. He also alleges it took prison officials over one hour to respond to a medical emergency though he does not identify the nature of the emergency. The Amended Complaint makes no reference to denial of medical care as to Plaintiff Pope.

In Count III, Plaintiffs allege unconstitutional conditions of confinement relating to the quality of food provided at LCF. Plaintiffs claim the food served is raw, undercooked and/or spoiled and lacks nutritionally adequate variety.

In their request for relief, Plaintiffs seek compensatory damages and injunctive relief.

## II.   Analysis

Before analyzing the sufficiency of the allegations contained in the Amended Complaint, the Court first examines whether it is proper to allow both plaintiffs to proceed in this action.

### A.   Improper Joinder of Plaintiffs

Permissive joinder is governed by Rules 20 and 21 of the Federal Rules of Civil Procedure. Rule 20(a) provides:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. . . .

Fed. R. Civ. P. 20(a). Pursuant to Rule 20(a), two requirements must be satisfied for permissive joinder. First, the plaintiffs must allege a right to relief arising from the same transaction or occurrence. Second, the plaintiffs must establish a common question of law or fact. *Smith v. North American Rockwell Corp.*, 50 F.R.D. 515, 522 (N.D. Okla. 1970). Where there is misjoinder of parties, Rule 21 permits the court, on its own initiative at any stage of the litigation, to drop any party. Fed. R. Civ. P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.").

The allegations as presented in both the Amended Complaint and Brief in Support appear to be authored by Plaintiff Gorton. The vagueness and manner of wording make it difficult to determine the extent to which the allegations are asserted on behalf of one or both Plaintiffs. And, the allegations refer to specific and individual harm suffered by each Plaintiff.[1] For example, in Count II, it appears only Plaintiff Gorton alleges a denial of medical care. His claims relate to his diabetic condition and the alleged denial of access to a wheelchair. However, in the motions filed after the Amended Complaint, it appears

---

[1] After filing the Amended Complaint, Plaintiffs have filed a flood of motions which include further allegations that may support additional claims for relief. However, Plaintiffs have not sought leave to further amend the complaint to include additional claims. To the extent relevant, the allegations in these motions are discussed for purposes of determining whether joinder is proper.

Plaintiff Pope may too be asserting a denial of medical care. *See, e.g.*, Motion for Removal from Defendants' Custody [Doc. #30] ("Pope has been having sharp piercing at the site of his recent surgery. . . . He has not had any of the regular post-op checkups that is [sic] required."). *See also* Motion for Injunction [Doc. #33] ("Mr. Pope has been waiting . . . days now for his medication.").

To state an Eighth Amendment violation based on deliberate indifference to serious medical needs, a prisoner must show both that the harm suffered is sufficiently serious (the objective component) and that defendants knew of and disregarded the risk of serious harm to the prisoner (the subjective component). *See Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). While (subject to further amendment of the complaint) both Plaintiffs appear to assert claims based on alleged deliberate indifference to their serious medical needs, their claims clearly do not arise out of the same transaction or occurrence nor do they involve common questions of law or fact. *See, e.g., Smith*, 50 F.R.D. at 522 (permissible joinder improper even though plaintiffs' claims are based on same general legal theories). Plaintiffs will be required to prove the Defendants knew each Plaintiff suffered a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to protect the Plaintiff. The requisite showings demonstrate specific claims that differ considerably from one another. *See, e.g.*, *Parlow v. Heath*, No. 3:94CV022 AS, 1994 WL 822462 (N.D. Ind. Nov. 9, 1994) (unpublished op.) (sua sponte dismissal of plaintiffs' §1983 complaint alleging violations arising from 11-day lock down, lack of access to the courts, and lack of proper medical treatment proper where each plaintiff attempted to "press their own personal claims

arising out of distinct, though perhaps similar factual circumstances and it [was] clear that respective claims [would] require different proof").

The claims raised in Count I (denial of access to the courts) and Count III (unconstitutional dietary conditions) similarly raise claims involving distinct issues of law and fact. A prisoner claiming a denial of access to the courts must allege some actual injury in his ability to pursue a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343 (1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir.1996). Allegations of actual injury in support of a denial of access to the courts claim necessarily vary from plaintiff to plaintiff and do not arise out of the same transaction or occurrence. *See, e.g., Harris v. Spellman*, 150 F.R.D. 130, 131 (N.D. Ill. 1993) (permissive joinder of inmates' § 1983 claim not available where claims involved different occurrences). Because Plaintiffs' individualized showings of actual injury necessarily would not arise out of the same transaction or occurrence, joinder is not proper.

The same holds true for the claims raised in Count III of the Amended Complaint. Plaintiff Gorton alleges the food served at LCF is raw, undercooked and spoiled. In supplemental motions Defendant Gorton alleges that he is able to eat poultry but that he is getting "burned out" on the poultry because poultry is all that is ever served. *See* Motion of Deliberate Indifference to Dietary Needs [Doc. #29]. He further alleges he is "starving." *See* Motion of Retaliation [Doc. #34] at 2. *See also* Motion of Intimidation [Doc. # 39] at 1 ("[W]e are both starving because of all the poultry this facility serves. I Glenn Gorton do not want to see any chicken or turkey for the rest of my life. I am burned out on it.").

Conversely, the motions address the non-poultry dietary needs of Plaintiff Pope and how these needs are not being met. *See, e.g.,* Motion for Removal from Defendants' Custody [Doc. #30] ("Mr. Pope is a non-poultry eater and they are telling him that certain food items are beef when they are not."); Motion for Court Order [Doc. #35] ("We have evidence that [Pope's] non-poultry hypercaloric diet is permanent."); Motion of Refusal of Medication [Doc. # 37] ("Mr. Pope is a non-poultry eater and that is all this facility serves. . . .").

Inmates have a right to be provided "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Ramos v. Lamm*, 639 F.3d 559, 570-571 (10th Cir. 1980). "A substantial deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). To state such a claim, a prisoner must allege a sufficiently serious deprivation and establish that defendants were deliberately indifferent to a substantial risk of serious harm. *Id.* at 1222; *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Here, the allegations indicate that the deprivation faced by each Plaintiff is unique as is the nature of the risk of serious harm. For Plaintiff Gorton, he contends the food is spoiled, lacks variety and is not edible. For Plaintiff Pope, his special dietary needs are not being met. Therefore, joinder is improper. *See, e.g., Rimel v. Bayh*, No. 3:94-CV-616 AS, 1994 WL 750705 at * 1 (N.D. Ind. Dec. 13, 1994) (unpublished op.) (though prisoners' claims arising out of the conditions of their confinement appeared similar, likelihood that individual

damage claims would require different proof implicating different defendants made joinder improper).

In addition to these problems, unique questions of fact and law surround the issue of exhaustion of administrative remedies. Because Plaintiffs are challenging prison conditions at LCF, their action is subject to the exhaustion requirements of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1997e(a).[2] On the form complaint, Plaintiffs have checked both the "yes" and "no" box in response to the question asking whether administrative remedies have been pursued. *See* Amended Complaint [Doc. #28] at 5, ¶ D(2). Plaintiff Gorton attaches to the original Complaint a number of administrative documents to support exhaustion of administrative remedies. *See* Complaint, Attachment 2 at 1-19, 22-26. Plaintiff Pope attaches only one request to staff pertaining to the claim raised in Count III as to unsanitary food. *See id.* at 20-21. Plaintiffs appear to allege prison officials interfered with their ability to pursue administrative remedies but have failed to identify the specific officials responsible. The exhaustion issue also involves distinct issues of fact as to each Plaintiff.

---

[2]The PLRA's exhaustion requirement reads as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Here, Plaintiffs' claims involve distinct issues of fact and require showings of deliberate indifference as to particularized risks of serious harm. The exhaustion requirement set forth in 42 U.S.C. § 1997e(a) requires each Plaintiff to exhaust his administrative remedies prior to asserting his claims in a federal court action. Whether Plaintiffs have complied with this requirement also involves particularized proof as to each Plaintiff. Although Plaintiffs are cellmates and allege they have generally suffered similar types of wrongs, such general allegations are insufficient to establish the requisite commonality required for permissive joinder. As one court has observed, "prisoners' circumstances make joint litigation especially difficult." *Hagan v. Rogers*, No. 06-4491(JAG), 2007 WL 1362384 at *2 (D. N.J. May 7, 2007) (unpublished op.) (citing the need for each plaintiff to sign the pleadings, potential for changes in documents as they are circulated and possibility of coercion among inmates as circumstances making joinder improper); *see also Wasko v. Allen County Jail*, No. 1:06-CV-085 TLS, 2006 WL 978956 at *1 (N.D. Ind. April 12, 2006) (unpublished op.) (discussing similar practical difficulties of joint litigation involving inmates); *Amir-Sharif v. Dallas County*, No. 3:06-CV-0143-K, 2006 WL 2860552 at *3 (N.D. Tex. Oct. 5, 2006) (unpublished op.) (same). For all these reasons, joinder of Plaintiffs in this action is improper.

Rule 21 of the Federal Rules of Civil Procedure authorizes a court to drop misjoined parties from a lawsuit on its own initiative "on such terms as are just." Because it appears that the majority of the pleadings in this case have been authored by Plaintiff Gorton and that Gorton has been responsible for virtually all of the administrative prison grievances

submitted, it is recommended that Plaintiff Pope be dismissed as improperly joined. The dismissal is without prejudice to Plaintiff Pope pursuing his claims in a separately filed § 1983 action. *See, e.g., Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972) (proper remedy in case of misjoinder is to grant severance or dismissal to the improper party if it will not prejudice any substantial right).

### B. Screening of the Amended Complaint

This Court is obligated to review complaints filed by prisoners seeking redress from governmental entities, or officers or employees of governmental entities. *See* 28 U.S.C. § 1915A(a). The Court is directed to "identify cognizable claims" and to dismiss the entire complaint or any portion of the complaint which "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

"Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dept. of Corrections* 165 F.3d 803, 806 (10th Cir. 1999). In determining whether dismissal is proper, the Court must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. *Id*. If the complaint does not state "enough facts to state a claim to relief that is plausible on its face" dismissal is proper. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

The claim raised in Count I of the Complaint fails to state a claim upon which relief may be granted and, therefore, that claim should be dismissed. Plaintiff Gorton alleges that he has been deprived of his constitutional right of access to the courts due to denial of access to the law library and to legal materials. Plaintiff complains that the law library is not staffed with persons knowledgeable in the law and that LCF is not following its own policies with respect to access to legal materials. However, Plaintiff Gorton has failed to demonstrate actual injury to support a claim of denial of access to the courts. *See Lewis*, 518 U.S. at 351 ("meaningful access to the courts is the touchstone" of a constitutional violation; "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense" but must "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim").

Moreover, "an inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus." *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir.1995). However, statements in Plaintiff Gorton's prison grievances indicate he seeks legal assistance for claims not subject to constitutional protections. In a Request to Staff dated September 29, 2005, he states he needs "law books" because he is "trying to break a trust set up by [his] parents." *See* Complaint, Attachment 2 at 18. In another Request to Staff, Plaintiff Gorton requests Oklahoma statutory materials relating to "property," "marriage and family" and "wills." *See id*., Attachment 2 at 24.

Plaintiff Gorton has failed to allege facts demonstrating actual injury and appears to request legal assistance for matters unrelated to the conditions of his confinement or his conviction and sentence. Thus he has failed to state a claim upon which relief may be granted. Accordingly, the claim raised in Count I of the Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### C.    Pending Motions

As noted, Plaintiffs have filed numerous motions subsequent to the filing of the Amended Complaint. These motions contain allegations that supplement the claims raised and which attempt to raise additional claims for relief. For example, the motions contain allegations of retaliation by prison officials. If Plaintiff Gorton desires to further amend the complaint to include additional claims for relief, it is recommended that he be given leave to do so.[3] The motions, however, should be denied as they do not provide an independent basis for relief. It is, therefore, recommended that Plaintiff Gorton be granted leave to file a Second Amended Complaint adding any additional allegations and/or claims as contained in the Motions. It is further recommended that the following motions be denied:

- Motion for Removal from Defendants' Custody [Doc. #23]
- Motion of Deliberate Indifference to Dietary Needs and Deliberate Starvation [Doc. #29]
- Motion for Removal from Defendants' Custody [Doc. #30]

---

[3]Plaintiff Gorton is reminded that as to all claims for relief currently raised or raised through further amendment of the complaint, he must show that the named Defendants personally participated in the alleged violation of his constitutional rights. See *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).

- Motion to Have All Field Jackets and All Medical Jackets Subpoenaed [Doc. #31]
- Motion of Denial of Legal Services [Doc. #32]
- Motion for Injunction to Prohibit the Defendants from Withholding Medications and Interfering with Legal Mail [Doc. #33]
- Motion of Retaliation [Doc. #34]
- Motion for Court Order [Doc. #35]
- Motion for Evidentiary Hearing [Doc. #36]
- Motion for Refusal of Medication [Doc. #37]
- Motion of Intimidation by Defendants [Doc. #39]
- Motion of Refusal of Non-Poultry Diet [Doc. #41]
- Motion for Refusal of Non-Poultry Diet [Doc. #42].

In addition, Plaintiffs have filed a Motion of Retaliation and Embezzlement [Doc. #38]. It is not clear what relief the Plaintiffs seek through the filing of this motion though it appears they believe officials at LCF are improperly deducting and keeping funds from their prison trust accounts that instead should be paid to the Court towards satisfaction of the filing fee. The record reflects that to date, this Court has received filing fees from Defendant Gorton in the amount of $69.37, *see* Doc. #12, and from Defendant Pope in the amount of $158.08, *see* Doc. ##11, 40. Thus, LCF is properly submitting the monies deducted from the Plaintiffs' trust accounts to this Court towards satisfaction of the filing fee. For this reason, it is recommended that Plaintiffs' Motion be denied.[4]

At the outset of this action, the Court entered Orders [Doc. ## 7-8] granting *in forma pauperis* status to each of the Plaintiffs. Those orders required Plaintiffs to jointly pay the

---

[4]Plaintiffs have attached to their motion a copy of the statements for their respective inmate accounts for the month of May 2007. The statements include a posting for "filing fees #CIV-07-284-F" in the amount of $175.00, merely reflecting the portion of the $350 filing fee owed by each Plaintiff, not the amount deducted from their respective accounts.

full $350.00 filing fee. Based on the determination that Plaintiff Pope has been improperly joined and should be dismissed from this action, it is recommended that the Court Clerk refund to his prison trust account the filing fees paid by him in the amount of $158.08. *See* Fed. R. Civ. 21 (parties improperly joined may be dropped on such terms as are just). It is further recommended that Plaintiff Gorton be required to pay the full filing fee in the amount of $350.00  To date, the Court Clerk has collected $69.37 of that fee from Plaintiff Gorton. Should the District Court adopt this recommendation, the matter as it relates to Plaintiff Pope should be re-referred to the Magistrate Judge for the limited purpose of vacating and/or modifying the Orders to Agency [Doc. ##15-16] to reflect the change in allocation of the filing fee, and the original referral as to claims asserted by Plaintiff Gorton should continue for further initial proceedings.

## **RECOMMENDATION**

It is recommended that Plaintiff Pope be dropped as a party from this lawsuit pursuant to Rule 21 of the Federal Rules of Civil Procedure, without prejudice to refiling his claims in a separate action brought pursuant to 42 U.S.C. § 1983.

It is further recommended that Count I of the Complaint be dismissed for failure to state a claim upon which relief may be granted.

In addition, it is recommended that should the District Court adopt this Report and Recommendation, Plaintiff Gorton be granted leave to file a second amended complaint to re-assert appropriate claims from the first amended complaint and to add any additional claims, if appropriate, as alluded to in pending motions before this Court. Plaintiff Gorton

should be required to file an amended complaint within twenty days of any Order adopting the Report and Recommendation.

It is further recommended that the pending motions Doc. ## 23, 29-39 and 41-42 be denied.

Finally, it is recommended that the Court Clerk be directed to refund to Plaintiff Pope's prison trust account the filing fees paid by him which, to date, total $158.08. It is further recommended that Plaintiff Gorton be required to pay the full filing fee in the amount of $350.00. Plaintiff Gorton has paid $69.37 of that fee to date. Should the District Court adopt this recommendation, the matter as it relates to Plaintiff Pope should be re-referred for the limited purpose of vacating and/or modifying the Orders to Agency [Doc. ##15-16] to reflect the change in allocation of the filing fee. With adoption of this recommendation, the referral as to claims asserted by Plaintiff Gorton would continue for further initial proceedings.

## NOTICE OF RIGHT TO OBJECT

Plaintiffs are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by August __20th__, 2007. *See* LCvR72.1. Plaintiffs are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation does not terminate the referral by the District Judge in this matter.

ENTERED this __31st__ day of July, 2007.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE