**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GLENN H. GORTON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-07-284-F |
| | ) | |
| DAVID C. MILLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his federal constitutional rights. This matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Defendants Miller, Fry, Mead, Hancock, Halverson and Carns (collectively, "the Defendants") have filed a Motion to Dismiss / Motion for Summary Judgment and Brief in Support [Doc. #98]. Plaintiff has been given an opportunity to respond to the motion [*see* Order Doc. #99] but has not done so.[1] The Court has also received a Special Report from Lawton Correctional Facility [Doc. #93].[2]

For the reasons set forth below, it is recommended that Defendants' Motion [Doc. #98], construed as a motion for summary judgment, be granted and that the claims raised in

---

[1] Instead of filing a response, Plaintiff has filed a number of motions seeking various types of relief. These motions are addressed separately below. In these motions, however, Plaintiff does not dispute the factual bases upon which Defendants claim they are entitled to judgment as a matter of law.

[2] Plaintiff has filed objections to the Special Report. *See* Doc. ##100 and 114. He claims he has not been interviewed and, therefore, the Special Report "should be deemed null and void." The Order for Special Report authorizes but does not require an interview of Plaintiff. *See* Order [Doc. #56]. Plaintiff's objections, therefore, are without merit.

the second Amended Complaint be dismissed for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). In the alternative, it is recommended that the access to courts and deliberate indifference to medical needs claims raised in the second Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted. In addition, Defendants' motion for summary judgment should be granted with respect to Plaintiff's Eighth Amendment claim challenging the adequacy of his diet at LCF.

## I.      Procedural History

Plaintiff commenced this action by filing a Complaint and Amended Complaint [Doc. ##1 and 28] naming as co-plaintiff his cell mate, Lloyd Neil Pope. Upon initial review of the first amended Complaint, it was recommended that Plaintiff Pope be dropped as a party to the lawsuit pursuant to Fed. R. Civ. P. 21. In addition, it was recommended that the claim raised in Count I of the first amended Complaint alleging denial of access to the courts be dismissed for failure to state a claim upon which relief may be granted. *See* Report and Recommendation [Doc. #43]. The District Court adopted the recommendation. *See* Order [Doc. #49]. Plaintiff then filed a second Amended Complaint on September 6, 2007 [Doc. #52] which is currently under the Court's consideration.

## II.     Plaintiff's Claims

In Count I of the second Amended Complaint, Plaintiff alleges he has been denied his constitutional right of access to the courts. In Count II, Plaintiff alleges unconstitutional conditions of confinement relating to the quality of food provided at LCF. Plaintiff claims the food served is raw, undercooked and/or spoiled and lacks nutritionally adequate variety.

In Count II, Plaintiff further claims that Defendants have been deliberately indifferent to his medical needs. He claims "medical neglect" by Defendants. He further claims Defendants place handcuffs on him when "going to the showers and to all appointments" and that "this is not right" because he is handicapped and must use a walker. In addition, he claims he has been denied the use of a wheelchair which is needed for mobility when granted outside recreation time. Finally, Plaintiff claims a delay in medical care, contending Defendants did not timely respond to his medical emergency.

Defendants have raised the defense of failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). In the alternative, Defendants seek dismissal of the claims raised in the second Amended Complaint on grounds that Plaintiff's allegations fail to establish the violation of his constitutional rights. In addition, Defendants Miller, Halverson and Carns seek dismissal of the claims raised against them on the ground that Plaintiff has failed to allege their personal participation in the alleged violation of his constitutional rights.

## III. Standards of Review

### A. Dismissal of a *Pro Se* Complaint

In determining whether dismissal of a *pro se* complaint is proper for failure to state a claim upon which relief may be granted, the Court must take all well-pleaded factual allegations as true and view those facts in the light most favorable to the plaintiff. Dismissal is proper if, taking those facts as true, the plaintiff fails to present a plausible right to relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-1248 (10th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). "The burden is on the plaintiff to frame a

'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (*quoting Twombly*, 127 S.Ct. at 1965). Where, as here, the litigant appears *pro se*, the Court construes the complaint liberally. *Haines v. Kerner*, 404 U.S. 519 (1972).

### B. <u>Summary Judgment</u>

Defendants have raised the affirmative defense of Plaintiff's failure to exhaust administrative remedies as required by the PLRA, 42 U.S.C. § 1997e(a), and have attached materials outside the pleadings in support of this affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007) ("[F]ailure to exhaust is an affirmative defense under the PLRA . . . ."). Therefore, with respect to the issue of exhaustion of administrative remedies, the Defendants' motion to dismiss is construed as a motion for summary judgment. *See* Fed. R. Civ. P. 56.

When an affirmative defense is raised in a motion for summary judgment, the defendant must demonstrate that "no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." *Id*. "If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law." *Id*.

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). To defeat a motion for summary judgment, evidence must be based on more than mere speculation, conjecture or surmise. *Rice v. United States*, 166 F.3d 1088, 1091-1092 (10th Cir. 1999). Moreover, the existence of a factual issue does not preclude entry of summary judgment where there is no evidence to support a dispute on that issue or the evidence is so one-sided that no reasonable juror could find for the other side. *True v. United States*, 190 F.3d 1165, 1177 (10th Cir. 1999).

**IV.    Analysis**

    **A.    The PLRA Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a mandatory exhaustion requirement exists for inmates challenging prison conditions in federal court.[3] A prisoner properly exhausts administrative remedies by completing the administrative review process as defined by the prison grievance system. *Jones v. Bock*, 127 S.Ct. at 922. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's

---

[3]Section 1997e(a) states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*., 127 S.Ct. at 923. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Moreover, "[t]o exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007).

### 1.     **The ODOC Grievance Procedure**

The grievance procedure of the Oklahoma Department of Corrections (ODOC) requires that an inmate make an initial attempt to resolve the complaint by talking with a case manager, probation or parole officer, supervising employee or other staff within three days of the incident.[4] The inmate must then submit a Request to Staff to the unit manager stating the problem to be addressed and the Request to Staff must be submitted within seven days of the incident. *See id*., OP-090124(IV)(B). The next step in the grievance procedure requires an inmate to submit to the reviewing authority a formal grievance using the "Inmate/Offender Grievance Report Form" along with the Request to Staff form and the response. *See id*., OP-090124(V)(A). If the inmate does not follow the instructions for submitting a grievance, the grievance may be returned unanswered for proper completion

---

[4]The Court takes judicial notice of the ODOC grievance procedures as set forth in OP-090124.   *See*  <http://www.doc.state.ok.us/Offtech/op090124.pdf>.   The ODOC grievance procedures are not attached to either the Special Report or Defendants' Motion.

and, if allowed, the inmate must properly resubmit the grievance within ten calendar days of receipt. *See id.*, OP-090124(V)(A)(7). The final step in the grievance procedure requires the inmate to appeal the reviewing authority's response to the administrative review authority. *See id.*, OP-090124(VII)(B) and (D).

### 2. Plaintiff's Efforts to Exhaust Administrative Remedies

Defendants move for summary judgment, relying upon the Special Report which includes copies of the grievances submitted by Plaintiff and pertaining to the claims raised in the second Amended Complaint. *See* Special Report, Exhibits 10, 12, 16, 17, 18, 22, 24.[5] With one exception, each of the grievances were returned to Plaintiff unanswered due to procedural defects and Plaintiff did not resubmit the grievances to correct the defects. As to the remaining grievance (*see* Special Report, Exhibits 22 and 24, Grievance No. 07-016), relief was denied and Plaintiff did not appeal the denial. Therefore, Defendants claim that Plaintiff has not properly exhausted administrative remedies as to any of the claims raised in the Complaint. *See Jernigan*, 304 F.3d at 1032 ("[W]e reject [plaintiff's] assertion that inmates do not have to *properly* complete the grievance process, and they do not have to *correct deficiencies*.") (emphasis in original).

Plaintiff has not responded to Defendants' Motion and, therefore, has not challenged Defendants' exhaustion defense. Plaintiff provides no adequate explanation regarding the

---

[5]Additional grievances are included in the Special Report but involve matters unrelated to the claims raised in the second Amended Complaint. *See* Special Report, Exhibits 3, 4, 6, 8, 20, 21, 25, 27, 29, 30.

procedural defects accompanying his grievances. *See Fields*, 511 F.3d at 1112-1113 (where prisoner's brief failed to address alleged shortcomings in grievances rejected by the ODOC on procedural grounds, court had no obligation to examine each of the ODOC's grievance denials "to see whether each grievance was in fact flawed"). Because the undisputed record before the Court establishes that Plaintiff did not follow the proper grievance procedure, the claims raised in the second Amended Complaint are unexhausted. It is recommended, therefore, that Defendants' Motion for Summary Judgment be granted and the claims raised in the second Amended Complaint be dismissed pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust available administrative remedies.[6]

### B.  Merits

Defendants alternatively claim Plaintiff has failed to establish the violation of a federal constitutional right as to each of the claims raised in the second Amended Complaint. Therefore, the Court addresses the merits of the claims raised.

#### 1.  Access to the Courts

As set forth above, in addressing Plaintiff's first Amended Complaint, it was recommended that Plaintiff's access to courts claim be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C.

---

[6] Plaintiff attached to his original Complaint a number of requests to staff and a few grievances. *See* Complaint [Doc. #1]. When Plaintiff filed his second Amended Complaint he did not resubmit this evidence of attempts at exhaustion of administrative remedies. Having reviewed this evidence, however, the Court concludes the evidence does not in any way contradict Defendants' assertion that Plaintiff has failed to satisfy § 1997e(a)'s exhaustion requirement as to the claims raised in the second Amended Complaint.

§ 1915A(a), and that recommendation was adopted. *See* Report and Recommendation [Doc. #43] and Order [Doc. #49]. In Plaintiff's second Amended Complaint [Doc. #52], Plaintiff re-asserted this claim but has not alleged any new grounds – either factual or legal – to support his access to courts claim. Therefore, under the doctrine of law of the case, Plaintiff's access to court's claim is barred. *See, e.g., Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 823 (10th Cir. 2007).

Notwithstanding application of the law of the case doctrine, however, Plaintiff's allegations as set forth in the second Amended Complaint fail to state a claim upon which relief may be granted. Plaintiff has failed to demonstrate actual injury resulting from the alleged denial of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) ("meaningful access to the courts is the touchstone" of a constitutional violation; "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense" but must "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim"). Therefore, in the alternative, it is recommended that Defendants' motion to dismiss Plaintiff's access to courts claim be granted and the claim be dismissed for failure to state a claim upon which relief may be granted.

### 2. Conditions of Confinement – Food Served at LCF

Plaintiff contends the food served at LCF is raw, undercooked and/or spoiled and lacks nutritionally adequate variety. He also challenges the nutritional adequacy of the

portions served. Plaintiff does not allege any significant harm he has suffered as a result of the alleged inadequate food.[7] Responding to these allegations, Defendants have submitted evidence that LCF provides Plaintiff with a nutritionally adequate diet. *See* Special Report, Exhibits 31-38.

Prison officials must provide inmates with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Ramos v. Lamm*, 639 F.2d 559, 570-71 (10th Cir.1980). "A substantial deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). Plaintiff has not disputed Defendants' evidence that LCF provides inmates with a nutritionally adequate diet. Therefore, Plaintiff has failed to create a genuine issue of material fact to support his Eighth Amendment claim. *Compare Thompson*, 289 F.3d at 1222 (granting summary judgment to defendants where evidence that prisoner was provided nutritionally adequate diet was included in Special Report and prisoner failed to come forward with a genuine issue of material fact to support his allegations that defendants failed to provide him with adequate portions of food). Therefore, it is recommended, in the alternative, that summary judgment be granted in favor of Defendants with respect to Plaintiff's Eighth Amendment claim challenging the adequacy of the food at LCF.

---

[7]Although Plaintiff state that he is diabetic and thereby suggests he has special dietary needs, his vague and conclusory allegations are insufficient to demonstrate the food as served at LCF creates an immediate danger to his health and safety.

### 3. <u>Deliberate Indifference to Serious Medical Needs</u>

Plaintiff claims that Defendants have been deliberately indifferent to his serious medical needs by failing to provide him with a wheelchair. It is undisputed by the parties that Plaintiff does have the use of a walker. Plaintiff claims that it is difficult for him to get around in the recreational yard with the walker and further complains that he is handcuffed to his walker when having to shower or go to appointments. Plaintiff alleges no facts, however, demonstrating a medical need for a wheelchair. At best, therefore, Plaintiff claims a right to a particular course of treatment, a claim insufficient to establish an Eighth Amendment violation. *Compare Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) (prisoner failed to show deliberate indifference to serious medical need based on claim that defendants knew he faced a risk of injury if forced to use crutches instead of a wheelchair; prisoner had no Eighth Amendment right to a particular course of treatment).

Plaintiff also claims that he fell in his cell and that it took prison officials more than an hour to respond to the panic button. Plaintiff alleges no facts to demonstrate any serious injury as a result of this fall nor does he demonstrate how prison officials acted with deliberate indifference by failing to respond more quickly. *See, e.g., Self v. Crum*, 439 F.3d 1227, 1230-1231 (10th Cir.) (to state an Eighth Amendment claim for deliberate indifference to serious medical needs, plaintiff must allege facts to support both objective and subjective component, that is, the alleged deprivation must be sufficiently serious to constitute a deprivation of constitutional dimension and prison officials must have acted with a sufficiently culpable state of mind), *cert. denied*, 127 S.Ct. 131 (2006). Because Plaintiff has

failed to allege facts demonstrating the requisite objective and subjective components of an Eight Amendment claim, this claim should also be dismissed for failure to state a claim upon which relief can be granted.

### C. Summary

In sum, Defendants' Motion for Summary Judgment should be granted and the claims raised in the second Amended Complaint should be dismissed for failure to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a). In the alternative, the access to courts and deliberate indifference to medical needs claims raised in the second Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted. Finally, Defendants' motion for summary judgment should be granted with respect to Plaintiff's Eighth Amendment claim challenging the adequacy of his diet at LCF.[8]

### V. Pending Motions

Plaintiff has filed a number of motions which are currently pending before the Court: (1) Motion for Default Judgment [Doc. #101]; (2) Motion for Order [Doc. #103]; (3) Motion for Order [Doc. #116]; (4) Motion for Default Judgment [Doc. #117]; (5) Motion for Order [Doc. #118] and (6) Motion for Order [Doc. #125]. The Court has reviewed each of these motions and finds the motions are frivolous and repetitive and, therefore, should be denied. In the motions, Plaintiff complains, *inter alia*, that his legal mail is being tampered with and that he continues to be denied access to legal materials. As set forth above, Plaintiff has

---

[8]Based on this recommendation, the Court finds it unnecessary to address the further defense of lack of personal participation raised by Defendants Miller, Halverson and Carns.

failed to demonstrate any actual injury resulting from his alleged denial of access to legal materials. Further, the extraordinary number of filings made by Plaintiff with this Court belies allegations that Defendants have tampered with legal mail to Plaintiff's detriment.[9] Other relief requested by Plaintiff, including a request for a "holiday food packet" and that he be interviewed for purposes of the court-ordered Special Report are wholly frivolous. Therefore, it is recommended that Plaintiff's pending motions be denied.

## RECOMMENDATION

For the reasons set forth, it is recommended that Defendants' Motion [Doc. #98], construed as a motion for summary judgment, be granted and that the claims raised in the Amended Complaint be dismissed for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). In the alternative, it is recommended that the access to courts and deliberate indifference to medical needs claims raised in the second Amended Complaint be dismissed for failure to state a claim upon which relief can be granted. In addition, Defendants' motion for summary judgment should be granted with respect to Plaintiff's Eighth Amendment claim challenging the adequacy of his diet at LCF. Finally, it is recommended that Plaintiff's pending motions [Doc. ##101, 103, 116, 117, 118 and 125] be denied.

---

[9]In addition to the pending motions, Plaintiff has filed a multitude of other "motions" which have been docketed as "notices" due to the nature of the filings. *See* Doc. ##102, 104, 111, 113, 119, 120, 121, 122, 124, 128, 129, 130, 131 and 132. The Court has reviewed these filings, finds them either duplicative, frivolous or incomprehensible. Nothing contained in these filings affects the recommended disposition of this action.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of this Court by July  1st , 2008. *See* Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter and terminates the referral.

ENTERED this  11th  day of June, 2008.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE